UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOBBY BARRINGER,

    Plaintiff,

v.

    Civil Action 2:11-cv-534
    Judge Michael H. Watson
    Magistrate Judge Elizabeth P. Deavers

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

Plaintiff, Bobby Barringer, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") finding a closed period of disability from February 12, 2007, through March 31, 2009. This matter is before the Court for consideration of the August 16, 2012 Report and Recommendation of the United States Magistrate Judge (ECF No. 16) and Plaintiff's Objections to the Report and Recommendation (ECF No. 17). For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Report and Recommendation, and **AFFIRMS** the Commissioner's decision.

I.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II.

The Court has conducted a *de novo* review and agrees with the reasoning and analysis of the Magistrate Judge. In his Objections, Plaintiff submits many of the same arguments as he did in his Statement of Errors. Specifically, he again posits that the administrative law judge ("ALJ") erred in finding medical improvement in April 2009 because substantial evidence does not support such a finding. Plaintiff further asserts that the ALJ failed to properly premise her finding of medical improvement on specific findings in the record as required by 20 C.F.R. § 404.1594.

In analyzing these contentions of error, the Magistrate Judge first set forth the relevant authority as follows:

> In cases such as this one, in which an ALJ awards a closed period of benefits, an ALJ "must find a medical improvement in the claimant's condition to end his [or her] benefits, a finding that requires 'substantial evidence' of a 'medical improvement' and proof that he [or she] is 'now able to engage in substantial gainful activity.'" *Niemasz v. Barnhart*, 155 F. App'x 836, 840 (6th Cir. 2005) (quoting 42 U.S.C. § 423(f)(1)). Furthermore, the medical improvement must be related to the ability to work. *McNeal v. Comm'r of Soc. Sec.*, No. 3:11–cv–161, 2012 WL 748834, at *8 (S.D. Ohio Mar. 7, 2012). Despite this approach, however, "there is no presumption of continuing disability." *Kennedy v. Astrue*, 247 F. App'x 761, 764 (6th Cir. 2007) (citing *Cutlip*, 25 F.3d at 286–87 n. 1).
>
> In 20 C.F.R. §§ 404.1594 and 416.944, the Regulations outline the process for considering medical improvement and whether a claimant's disability period has ended. The United States Court of Appeals for the Sixth Circuit has described medical improvement as follows:
>
>> The implementing regulations define a medical improvement as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). A determination of medical improvement "must be based on changes (improvement) in the symptoms, signs and/or laboratory

3

> > findings associated with your impairment(s)." *Id.* And a medical improvement is related to an individual's ability to work only "if there has been a decrease in the severity . . . of the impairment(s) present at the time of the most recent favorable medical decision and an increase in your functional capacity to do basic work activities . . ." 20 C.F.R. § 404.1594(b)(3). *See also Nierzwick v. Commissioner of Social Security*, 7 Fed. Appx. 358 (6th Cir. 2001).
>
> *Kennedy*, 247 F. App'x at 764–65. In other terms, medical improvement "is determined by a comparison of prior and current medical evidence . . . ." 20 C.F.R. §§ 404.1594(c)(1), 416.994(b)(2)(i). If medical improvement occurs, the ALJ will then conduct a new RFC assessment and compare that assessment to the prior RFC to determine if the medical improvement is related to a claimant's ability to work. *Id.* "Unless an increase in the current residual functional capacity is based on changes in the signs, symptoms, or laboratory findings, any medical improvement that has occurred will not be considered to be related to [the claimant's] ability to do work." *Id.* The Regulations further provide that "[a] decrease in the severity of an impairment as measured by changes (improvement) in symptoms, signs or laboratory findings can, if great enough, result in an increase in the functional capacity to do work activities." 20 C.F.R. §§ 404.1594(b)(4)(i), 416.994(b)(iv)(A).

(Report and Rec. 13–15, ECF No. 16.)

Applying the foregoing authority, the Magistrate Judge analyzed the issues presented in the instant case as follows:

> In this case, as set forth above, the ALJ found disability during the closed period "[d]ue to fluctuating sugar levels." (R. at 25.) Upon comparing the medical evidence, she concluded that Plaintiff's fluctuating sugar levels had improved as of April 2009. Plaintiff does not challenge that improvement with respect to his ability to control his sugar levels relates to his ability to work. Instead, as set forth above, Plaintiff maintains that the ALJ failed to "cite any . . . data or evidence in her determination that medical improvement had occurred" and that her finding of improvement is "not supported by substantial evidence in the record." (Pl.'s Statement of Errors 3, ECF No. 11.)
>
> Contrary to Plaintiff's assertion, substantial evidence supports the ALJ's finding of medical improvement. Further, the ALJ supported her decision with specific references to the record, taking great care to

compare the evidence from the closed period with the more recent medical evidence.

In her decision, the ALJ first thoroughly described the severity of Plaintiff's fluctuating sugar levels before he began utilizing an insulin pump. For example, she noted that in 2006, Plaintiff was hospitalized with blood sugar levels running in the 500s. She pointed out that in 2007, Dr. Shubrook indicated that Plaintiff was at risk for complications arising from his glucose levels. She also noted that in June 2007, Dr. Freeman reported that an EMG study revealed diabetic neuropathy. The ALJ also considered Dr. Lionberger's documentation of Plaintiff's fluctuating sugar levels during the closed period. She noted that Plaintiff was again admitted to a hospital in April 2008 for uncontrolled hyperglycemia and that on follow-up in June 2008, Plaintiff continued to complain of fluctuating sugar levels. (R. at 30.)

The ALJ contrasted this medical evidence with the more recent records demonstrating that Plaintiff's fluctuating sugar levels had improved. For example, the ALJ considered Dr. Shubrook's notes from December 2008, after Plaintiff began utilizing an insulin pump, in which he reported that Plaintiff was "doing ok" and that "[o]verall he is much better than last year." (R. at 30, 773.) She noted that in December 2008, Plaintiff also reported to the Holzer Clinic that his sugars were controlled with the insulin pump. The ALJ considered that in April 2009, Dr. Shrubrook again reported that Plaintiff was "doing well overall" and that his physical exam was normal with the exception of right lower extremity pain that Dr. Shubrook opined was muscle-related and could be treated with stretching and massage. (R. at 30-31, 770.) She noted that in May 2009, Plaintiff was following a diabetic diet, walking for exercise, mowing the grass, and his physical examination was normal. Finally, the ALJ pointed out that Plaintiff had testified to this improvement himself, representing that before the insulin pump, his sugar levels ran in the 600-700 range contrasted with 200-300 range after the pump. Consistently, in April 2009, Plaintiff reported to Dr. Shubrook that he was doing better.

Because substantial evidence supports the ALJ's finding of medical improvement, the undersigned **RECOMMENDS** that the Court **OVERRULE** Plaintiff's first statement of error.

(*Id.* at 15–16.)

Plaintiff offers no authority in his Objections that undermines the Magistrate Judge's determination with regard to this issue. Instead, he asserts that "[i]t is common

5

knowledge that blood sugars in the 200-300 range is not 'doing well' or 'substantially improved' but is in fact much higher than the recommended 90-120 blood sugar range." (Pl.'s Objections 2, ECF No. 17.) Plaintiff's argument is unpersuasive. Evidence suggesting that Plaintiff's blood sugars remained above recommended ranges does not require the conclusion that Plaintiff experienced no medical improvement. As the Magistrate Judge noted, in addition to the laboratory findings of lowered levels, the ALJ also properly relied upon evidence in the record noting improvement in Plaintiff's symptoms, including reports from Plaintiff's treating physicians; the absence of hospitalizations after utilization of the insulin pump as compared with the closed period; and Plaintiff's own testimony concerning his improvement and increased activities. The Court concludes that substantial evidence supports the ALJ's finding of medical improvement. The Court, therefore, finds Plaintiff's Objections to be without merit.

### III.

For the reasons set forth above, the Court **OVERRULES** Plaintiff's Objections (ECF No. 17), **ADOPTS** the Report and Recommendation (ECF No. 16), and **AFFIRMS** the Commissioner's decision.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**